MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
RAUL VINICIO PINTADO ZUMBA,
*individually and on behalf of others similarly*
*situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| JOHN DOE INC. (d/b/a MASTER | |
| DEVELOPMENT), MASTER | **ECF Case** |
| DEVELOPMENT, INC. (d/b/a MASTER | |
| DEVELOPMENT), and ROSS RAMSAY, | |

*Defendants.*
------------------------------------------------------X

        Plaintiff Raul Vinicio Pintado Zumba ("Plaintiff Pintado" or "Mr. Pintado"), individually

and on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon his knowledge and belief, and as against John Doe Inc. (d/b/a Master

Development), Master Development, Inc. (d/b/a Master Development), ("Defendant

Corporations") and Ross Ramsay, ("Individual Defendant"), (collectively, "Defendants"), alleges

as follows:

## NATURE OF ACTION

        1.      Plaintiff Pintado is a former employee of Defendants John Doe Inc. (d/b/a Master

Development), Master Development, Inc. (d/b/a Master Development), and Ross Ramsay.

2.     Defendants own, operate, or control construction companies, located at 1541 Williamsbridge Road, Apt 3K, Bronx, New York 10461 under the name "Master Development."

3.     Upon information and belief, individual Defendant Ross Ramsay, serve or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the construction corporations as a joint or unified enterprise.

4.     Plaintiff Pintado was an employee of Defendants.

5.     Plaintiff Pintado was employed as a construction worker at the construction corporations located at 1541 Williamsbridge Road, Apt 3K, Bronx, New York 10461.

6.     At all times relevant to this Complaint, Plaintiff Pintado worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Pintado appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Furthermore, Defendants repeatedly failed to pay Plaintiff Pintado wages on a timely basis.

9.     Defendants' conduct extended beyond Plaintiff Pintado to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Pintado and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.     Plaintiff Pintado now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938,

29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Pintado seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Pintado's state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate construction companies located in this district. Further, Plaintiff Pintado was employed by Defendants in this district.

## PARTIES
### *Plaintiff*

15.     Plaintiff Raul Vinicio Pintado Zumba ("Plaintiff Pintado" or "Mr. Pintado") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Pintado was employed by Defendants at Master Development from approximately July 2015 until on or about August 2017.

17.     Plaintiff Pintado consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.    At all relevant times, Defendants owned, operated, or controlled construction companies, located at 1541 Williamsbridge Road, Apt 3K, Bronx, New York 10461 under the name "Master Development."

19.    Upon information and belief, John Doe Inc. (d/b/a Master Development) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1541 Williamsbridge Road, Apt 3K, Bronx, New York 10461.

20.    Upon information and belief, Master Development, Inc. (d/b/a Master Development) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1541 Williamsbridge Road, Apt 3K, Bronx, New York 10461.

21.    Defendant Ross Ramsay is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ross Ramsay is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Ross Ramsay possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Pintado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.     Defendants operate construction companies located in the Williamsbridge section of The Bronx in New York City.

23.     Individual Defendant, Ross Ramsay, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Pintado's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Pintado, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff Pintado (and all similarly situated employees) and are Plaintiff Pintado's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Pintado and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendant, Ross Ramsay operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of his own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff Pintado's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Pintado, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Pintado's services.

30.     In each year from 2015 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction corporation on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.    Plaintiff Pintado is a former employee of Defendants who was employed as a construction worker.

33.    Plaintiff Pintado seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Raul Vinicio Pintado Zumba*

34.    Plaintiff Pintado was employed by Defendants from approximately July 2015 until on or about August 2017.

35.    Defendants employed Plaintiff Pintado as a construction worker.

36.    Plaintiff Pintado regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

37.    Plaintiff Pintado's work duties required neither discretion nor independent judgment.

38.    Throughout his employment with Defendants, Plaintiff Pintado regularly worked in excess of 40 hours per week.

39.    From approximately July 2015 until on or about July 2017, Plaintiff Pintado worked a range of about 60 to 65 hours per week.

40.    For the month of August 2017, Plaintiff Pintado worked a range of about 80 to 90 hours per week.

41.    Throughout his entire employment, Defendants paid Plaintiff Pintado his wages by check.

42.    From approximately July 2015 until on or about August 2015, Defendants paid Plaintiff Pintado $15.00 per hour.

43.    From approximately September 2015 until on or about October 2015, Defendants paid Plaintiff Pintado $17.50 per hour.

44.     From approximately November 2015 until on or about August 2017, Defendants paid Plaintiff Pintado $20.00 per hour.

45.     Defendants never granted Plaintiff Pintado any breaks or meal periods of any kind.

46.     Plaintiff Pintado was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

47.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Pintado regarding overtime and wages under the FLSA and NYLL.

48.     Defendants did not provide Plaintiff Pintado an accurate statement of wages, as required by NYLL 195(3).

49.     Defendants did not give any notice to Plaintiff Pintado, in English and in Spanish (Plaintiff Pintado's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Pintado (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

51.     Plaintiff Pintado was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

53.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

54.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Pintado (and similarly situated individuals) worked, and to avoid paying Plaintiff Pintado properly for his full hours worked.

55.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

56.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Pintado and other similarly situated former workers.

57.    Defendants failed to provide Plaintiff Pintado and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

58.    Defendants failed to provide Plaintiff Pintado and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

59.     Plaintiff Pintado brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

60.     At all relevant times, Plaintiff Pintado and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

61.     The claims of Plaintiff Pintado stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

62.     Plaintiff Pintado repeats and realleges all paragraphs above as though fully set forth herein.

63.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Pintado (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

64.    Defendants' failure to pay Plaintiff Pintado (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

65.    Plaintiff Pintado was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

66.    Plaintiff Pintado repeats and realleges all paragraphs above as though fully set forth herein.

67.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Pintado  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

68.    Defendants' failure to pay Plaintiff Pintado overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

69.    Plaintiff Pintado was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW)

70.    Plaintiff Pintado repeats and realleges all paragraphs above as though fully set forth herein.

71.    Defendants failed to provide Plaintiff Pintado with a written notice, in English and in Spanish (Plaintiff Pintado's primary language), containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

72.      Defendants are liable to Plaintiff Pintado in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
## (VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW)

73.      Plaintiff Pintado repeats and realleges all paragraphs above as though fully set forth herein.

74.      With each payment of wages, Defendants failed to provide Plaintiff Pintado with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

75.      Defendants are liable to Plaintiff Pintado in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
## (VIOLATION OF THE TIMELY PAYMENT PROVISIONS

- 12 -

OF THE NEW YORK LABOR LAW)

76.      Plaintiff Pintado repeats and realleges all paragraphs above as though set forth fully herein.

77.      Defendants did not pay Plaintiff Pintado on a regular weekly basis, in violation of NYLL §191.

78.      Defendants are liable to Plaintiff Pintado in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pintado respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Pintado and the FLSA Class members;

(c)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Pintado's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Pintado and the FLSA Class members;

(e)      Awarding Plaintiff Pintado and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)      Awarding Plaintiff Pintado and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Pintado;

(h)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Pintado;

(i)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Pintado's compensation, hours, wages and any deductions or credits taken against wages;

(j)      Awarding Plaintiff Pintado damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k)      Awarding Plaintiff Pintado damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)      Awarding Plaintiff Pintado liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)      Awarding Plaintiff Pintado and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)      Awarding Plaintiff Pintado and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Pintado demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       January 2, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:         /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 19, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Raul Vinicio  Pintado  Zumba

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      19 de Diciembre 2017

*Certified as a minority-owned business in the State of New York*